**Callie P. Bristow, Administratrix, Appellant, v. St. Louis, Springfield and Peoria Railroad Company, Appellee.**

CORPORATIONS, § 487*—*who are agents of a railroad company upon whom process may be served.* Under the statute permitting a railroad company to be sued in any county through which it operates a line of railroad, or where it maintains an office, or has an agent for the transaction of its business, the fact that agents of railroad com-

panies other than the one against which suit is brought sell tickets by which persons may travel over the defendant company's line does not constitute them agents of the latter company so that process may be served upon them.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

CHARLES S. GIBBS and OSCAR J. PUTTING, for appellant.

LeFORGEE, VAIL & MILLER and GEORGE W. BURTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff's intestate received injuries in an accident on the line of appellee's railroad near the city of Staunton, Macoupin county, Illinois. This action is brought in Macon county, Illinois, under the statute which permits a railroad to be sued in any county through which it operates a line of railroad, or where it maintains an office or has an agent for the transaction of its business, and the summons in this case was served upon one Lloyd C. Bundy, as assistant ticket agent, and upon Clarence Hill, as ticket agent, for appellee company. Appellee filed a plea to the jurisdiction of the court, the plea alleging that the parties upon whom this summons was served were not at that time and had not been agent or agents of appellee Company. Issue was joined on this plea, a trial was had before the court without the intervention of a jury, the issues were found in favor of the defendants and the writ quashed.

The facts as disclosed by the record show that the St. Louis, Springfield and Peoria Railroad Company, appellee, is a corporation owning, controlling and operating a line of railroad from East St. Louis to Peoria through the city of Springfield; that it had no line of railroad in the county of Macon; that the persons on whom this summons was served as agents for appellee

Company were in the employ of a corporation owning
and operating a line of railroad from the city of
Springfield, Illinois, through the county of Macon and
city of Decatur to the city of Danville, Illinois; that
these two lines of railroad are independent corpor-
ations, that they are operated as a part of the sys-
tem commonly known as the Illinois Traction System.
There is no corporation by the name of Illinois Trac-
tion System, and although this name is used to desig-
nate a system of connecting railroads it is not a cor-
poration, and does not own or control any railroads.
The record further discloses that Mr. Hill and Mr.
Bundy were employed by a Company operating from
Decatur, Illinois, to Danville, Illinois, that they were
not employed by appellee Company and did not rep-
resent them in any way. The theory upon which ap-
pellant contended that they were agents of appellee
Company is because they sold tickets at Decatur by
which parties were entitled to travel over both of
these lines of railroad from Decatur to any point of
destination thereon designated by the ticket, and that
this constitutes the parties agents of appellee Com-
pany. Further, that the two lines were operated un-
der the name of the Illinois Traction System. The
proof that these parties at Decatur were authorized to
sell a ticket upon which parties might ride upon the
line of railroad which they did represent and arriving
at the end of that line were entitled to ride upon an-
other railroad to the point of destination to which the
ticket was sold is not sufficient to and does not show
agency on behalf of the second or connecting railroad.
It is universally known that railroads operating whol-
ly within one State sell tickets permitting passengers
to travel through various States, take and receive ship-
ments of freight to be carried in foreign States by
railroads not authorized to do business in Illinois, and
to hold that this constituted the agent selling such
ticket or receiving such freight an agent of every line
of railroad over which the ticket authorized the pas-

senger to travel or the freight to be shipped would be to hold that such corporations were violating the laws of this State regarding foreign corporations doing business in this State.

The finding and judgment of the trial court that the parties upon whom this summons was served were not agents of the appellee Company is fully sustained by the proof, and the judgment should be and is affirmed.

*Affirmed.*