218        APPELLATE COURTS OF ILLINOIS.

Barnard v. Springfield & Northeastern Trac. Co., 194 Ill. App. 218.

## Mabel Barnard, Administratrix, Appellant, v. Springfield & Northeastern Traction Company, Appellee.

1. RAILROADS, § 55*—*when person not an agent for service of process.* The mere fact that an agent of one railroad sells tickets entitling the purchasers to travel from a point on the railroad he is representing to a point on the line of a connecting railroad does not constitute him an agent of the connecting railroad for purposes of service of process.

2. EXECUTORS AND ADMINISTRATORS, § 488*—*form of award on recovery of judgment.* Where a plaintiff sues as administrator of an estate and judgment is obtained for costs, execution should not be awarded thereon but the order should be that the costs be paid by the administrator "in the due course of administration."

3. APPEAL AND ERROR, § 1766*—*when Appellate Court may amend judgment.* A judgment of a trial court erroneously authorizing execution for costs in its judgment against an administrator, who is unsuccessful as plaintiff in a suit, may be amended by the Appellate Court by striking out the clause authorizing execution and inserting in lieu thereof the clause "to be paid in due course of administration."

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

HARRY FAULKNER and C. H. BURTON, for appellant.

JOHN B. HARDAWAY and BURTON & HAMILTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought this suit in Madison county to recover damages for the death of her husband, Ira V. Barnard, who is alleged to have been killed by the negligence of appellee while working in the yards and on the track of the company at Jones and Adams Coal Mine siding in Sangamon county, Illinois. Summons

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was issued to and served by the sheriff of said Madison county, his return being as follows: ''I have duly served the within writ by reading the same and delivering true copies thereof to the within named Phil R. Sommerlad, agent for the Springfield & Northeastern Traction Company, the president, secretary or treasurer of said company not found in my county, as I am therein commanded this 11th day of October, A. D. 1912.''

To the declaration in this case appellee filed a plea in abatement, verified by the affidavit of C. F. Handshy, its general superintendent, stating that the writ had never been served on appellee and that the return thereon was untrue and false, in that P. R. Sommerlad, the person upon whom the pretended service was had, was not at the time of such attempted service, a ticket agent, clerk, secretary, superintendent, agent, cashier, principal director, engineer, conductor, station agent or any agent of any sort of appellee; that said suit was not brought in the county where appellee's principal office is located, or where the alleged cause of action occurred or in any county in or through which appellee's road runs; that at the time of such pretended service, appellee was a corporation organized under the laws of the State of Illinois, and was the owner of a line of electric railway extending from the city of Springfield, Sangamon county, Illinois, to the city of Lincoln, Logan county, Illinois, and that its principal office was located in the city of Champaign, in Champaign county, Illinois. A demurrer to this plea was overruled and a replication filed by appellant, stating that the return on said writ was wholly true and that Sommerlad was at the time of the service thereof, on him, an agent of appellee, and that at the time of the service the president and secretary of appellant were not in said county. A hearing was had before the court which resulted in a judgment in favor of appellee and against appellant for costs, for which execution was awarded.

The proofs on the hearing showed appellee was a corporation under the laws of Illinois; that its road ran from Springfield to Lincoln, Illinois; that its principal office was located in Champaign and that the accident causing the death occurred in Sangamon county, Illinois; that the line of road of said traction company did not extend into Madison county where suit was commenced and service had; that appellee was one of a number of corporations, operating traction lines in Illinois, composing what is known as the Illinois Traction System; that said system was not a corporation and the name given it was a trade name and not a corporate name. It was further shown that another one of the roads composing the Illinois Traction System was the St. Louis, Springfield and Peoria Railroad Company, whose road ran through Edwardsville in Madison county and on to Springfield; that there was an arrangement between the different roads composing the system, by which tickets could be sold for passage by the agent of any one of the roads over other roads of the system connecting with the same. Sommerlad was employed and paid by the St. Louis, Springfield and Peoria Railroad Company, and was its agent at Edwardsville, and could sell a ticket from that station to Springfield and to points on appellee's line, but could not sell a separate ticket on appellee's line alone. That is, he could sell a ticket from Edwardsville to Lincoln good over the St. Louis, Springfield and Peoria Railroad, and over appellee's line from thence to Lincoln, but he could not sell a ticket from Springfield to Lincoln alone. It was also shown by appellant, a bulletin was posted up in the office of the St. Louis, Springfield and Peoria Company at Edwardsville, where Sommerlad was agent, giving the names of the several railway companies constituting the Illinois Traction Company, stating that complete public files of the tariffs of these companies were located at addresses given in Springfield, Illinois, and

St. Louis, Missouri, and that the rate and fare schedule applying from the Edwardsville station were on file at that office and might be inspected by any person upon application; also that the agent or other employee on duty in the office would lend any assistance desired in securing information from or interpreting such schedules.

The only question for the consideration of the court below and for us here is, was Sommerlad, by reason of his authority, as agent of the St. Louis, Springfield and Peoria Railroad Company, at Edwardsville, to sell joint tickets over all the lines of the Illinois Traction System, including that of appellee, an agent of appellee, within the contemplation of the statute providing for the service of process upon corporations? It is so well known that it can be said to be a matter of universal knowledge that local agents of railroad companies sell tickets to and collect the fare therefor from passengers whose points of destination are beyond or outside of the line of road belonging to the company which employs the agent, and that frequently these tickets entitle the holder to ride over a number of different lines of road. Such a local agent, however, cannot be held to be the agent of the companies operating other lines than the line of the company which employs him, for the purpose of the service of process under our statute. To hold otherwise would be to constitute substantially every local railroad agent in this State the agent, for the purposes of the service of process, of a large portion of the railroad companies of the country.

In the case of *Bristow v. St. Louis, S. & P. R. Co.*, 184 Ill. App. 305, the plaintiff's intestate received injuries in an accident on the line of appellee's road in Macoupin county and the suit therefor was brought in Macon county, Illinois. The persons upon whom the summons was served were a ticket agent and an assistant ticket agent in the employ of a corporation

owning and operating a line of railroad from the city of Springfield through the county of Macon and city of Decatur to the city of Danville, Illinois, while the injury occurred on the line of the St. Louis, Springfield and Peoria Railroad Company, the limits of which are above described, and which is the company employing Mr. Sommerlad, upon whom service was had in the case before us. The road upon which the injury in the *Bristow* case, *supra,* occurred and the one employing the agent upon whom service was had were parts of the Illinois Traction System above mentioned. In that case it was said that the record disclosed that the parties on whom service was had "were employed by a company operating from Decatur, Illinois, to Danville, Illinois; that they were not employed by appellee company and did not represent them in any way. The theory upon which appellant contended that they were agents of appellee company is because they sold tickets at Decatur by which parties were entitled to travel over both of these lines of railroad from Decatur to any point of destination thereon designated by the ticket, and that this constitutes the parties agents of appellee company. Further, that the two lines were operated under the name of the Illinois Traction System. The proof that these parties at Decatur were authorized to sell a ticket upon which parties might ride upon the line of railroad which they did represent and arriving at the end of that line were entitled to ride upon another railroad to the point of destination to which the ticket was sold is not sufficient. to and does not show agency on behalf of the second or connecting railroad."

In the case of *Chicago, B. & Q. R. Co. v. Weber,* 219 Ill. 372, which was an action by an administrator against the railroad company for causing the death of his intestate at the crossing of a public highway over said railroad, it appeared that said railroad company, a corporation under the laws of the State of

Illinois, had leased its lines to the Chicago, Burlington and Quincy Railway Company, a corporation incorporated under the laws of the State of Iowa, and at the time of the injury the railway company was operating the road. It was there held that service upon the agent of the railroad company was not sufficient, under the statute, and was also said that the fact that the lessee company and its servants and agents may, as a matter of public policy, be held the servants and agents of the lessor company in actions for negligence arising in the exercise of the chartered powers of the lessor company, does not require or authorize the holding of such servants and agents as the servants and agents of the lessor company for the purpose of the service of process. The same question arose in the case of *Chicago, B. & Q. R. Co. v. Suta,* 123 Ill. App. 125, where it was held that the agent of the lessee's railroad corporation was not the agent of the lessor corporation for the purpose of the service of summons upon the lessor, and the whole subject is there fully discussed. From a consideration of these cases, as well as from what appears to us to be the proper reasoning growing out of the application of the law to the facts in this case, we conclude that there was no legal service of process upon appellee and that the plea in abatement in this case was properly sustained.

The judgment in this case was against appellant, the plaintiff below, for costs, and execution was awarded therefor. Appellant was suing as administratrix of the estate of her deceased husband and it was therefore improper to award execution against her for the costs. The order in relation to the payment of the costs should have been that they be paid by appellant "in due course of administration." It is not necessary, however, to reverse and remand the case to correct this technical error as the correction may be made here. The judgment of the court below will be modified by striking out the words "and have

execution therefor'' and inserting in lieu thereof ''to be paid in due course of administration,'' and as so modified the same will be affirmed.

*Judgment affirmed.*